# In the United States Court of Federal Claims

No. 13-475 T

(Filed April 7, 2014)

* * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| DOMER L. ISHLER, | * |  |
|  | * | Tax; Refund Claim; Full |
| *Plaintiff*, | * | Payment Rule; Requirement of |
|  | * | a Timely Administrative |
| v. | * | Claim, 26 U.S.C. §§ 6511(a), |
|  | * | 7422(a) (2012); Jurisdictional |
| THE UNITED STATES, | * | Effect of a Previous Tax Court |
|  | * | Petition. |
| *Defendant*. | * |  |

* * * * * * * * * * * * * * * * * * *

*Joe A. Izen, Jr.*, Bellaire, TX, for plaintiff.  *Matthew Gilmartin*, Houston, TX, of counsel.

*Robert Stoddart*, United States Department of Justice Tax Division, with whom were *Kathryn Keneally*, Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, *Mary M. Abate*, Assistant Chief, Washington, DC, for defendant.[1]

_____

**OPINION**

_____

**BUSH**, *Senior Judge*.

Now pending before the court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).  That motion has been fully briefed and is ripe for a decision by

_____

[1]/  Bart D. Jeffress entered his appearance as attorney of record for the United States on January 10, 2014, after the government's motion to dismiss had been fully briefed.

this court.  Oral argument was neither requested by the parties nor deemed necessary by the court.  Because the court concludes that it lacks jurisdiction over plaintiff's claims, defendant's motion to dismiss is granted.[2]

## BACKGROUND[3]

In this tax refund suit, plaintiff Domer L. Ishler, a resident of Alabama, seeks a refund of federal income taxes, Federal Insurance Contributions Act (FICA) taxes,[4] and Federal Unemployment Tax Act (FUTA) taxes[5] he alleges were withheld by Nissei Sangyo America, Ltd. (Nissei) from sales commissions owed to Mr. Ishler (and/or entities owned or controlled by him) in connection with the sale of electronics components in Alabama during the years 1986 through 1991.[6] Plaintiff's claimed refund is $400,000 but, according to plaintiff, may well exceed $2,000,000 "as the exact amount that Nissei withheld out of the commissions due [Mr. Ishler and/or his entities] is currently unknown."  Compl. ¶ 2(a).  Mr. Ishler

_____

[2]/ Because the court lacks jurisdiction to consider the merits of plaintiff's claims, it does not reach defendant's arguments with respect to RCFC 12(b)(6).

[3]/ The facts recounted in this opinion are taken from plaintiff's complaint and the parties' submissions in connection with defendant's motion to dismiss.  Except where otherwise noted, the facts recounted in this opinion are undisputed.

[4]/ The Federal Insurance Contributions Act (FICA), 26 U.S.C. §§ 3101-3128 (2012), finances a national system of old age, survivors, disability, and hospital insurance benefits, commonly referred to as Social Security and Medicare.  FICA imposes taxes on both employers and employees, and requires employers to withhold FICA taxes from their employees' wages.

[5]/ The Federal Unemployment Tax Act (FUTA), 26 U.S.C. §§ 3301-3311 (2012), imposes an excise tax on employers to help fund state workforce agencies.  Employees do not pay FUTA taxes.

[6]/ The court notes that plaintiff's complaint is somewhat ambiguous concerning the tax years with respect to which Mr. Ishler claims a refund.  Although Count I of plaintiff's complaint asserts a claim for refund "for the years 1986 through 1991, *see* Compl. Count I, ¶ 1; *see also id.* Count I, ¶ 3 (describing the "tax years in question" as 1986 through 1991), elsewhere in his complaint Mr. Ishler describes the relevant tax years as 1986 through 1990, *see id.* ¶ 2(a), (c), (e).  The court construes the complaint broadly to include a claim for refund with respect to tax year 1991, but notes that doing so does not alter the court's conclusion that it lacks jurisdiction over all of plaintiff's claims.  *See infra.*

states that he does not know if Nissei ever remitted those amounts to the Internal Revenue Service (IRS), *id.* ¶ 2(b), but nevertheless demands a refund on the theory that the law treats such amounts as having been paid to the IRS "regardless of whether IRS ever physically received such withholding taxes," *id.* ¶ 2(a).

This is not the first suit involving Mr. Ishler's or his entities' dealings with Nissei; at least three other courts, including the United States Tax Court, have adjudicated claims arising from those dealings.[7]  Of particular relevance here, Mr. Ishler and 20th Century Marketing, Inc. (20th Century), his wholly-owned corporation, petitioned the Tax Court in August 1999 for a redetermination of income tax deficiencies assessed against plaintiff and 20th Century, including fraud penalties assessed against Mr. Ishler, for failing to report as income certain commissions paid by Nissei to Camaro Trading Company (Camaro), a Hong Kong corporation, in 1987 and 1988.  *See* Def.'s Mot. Exs. 1-2.  The Tax Court, in a memorandum opinion issued on March 28, 2002, upheld the deficiencies and concluded that Mr. Ishler had fraudulently "used Camaro to divert [Nissei] payments to himself and to his family and friends through an opaque series of transfers in 1987 and 1988."  *See Ishler v. Comm'r*, T.C.M. (RIA) 2002-79, 2002 WL 467216, at *11 (2002), *aff'd mem.*, 88 F. App'x 385 (11th Cir. 2003).  The Tax Court's decision was summarily affirmed by the United States Court of Appeals for the Eleventh Circuit, *see Ishler v. Comm'r*, 88 F. App'x 385 (11th Cir. 2003), and the United States Supreme Court subsequently denied Mr. Ishler's petition for certiorari, *see Ishler v. Comm'r*, 543 U.S. 810 (2004).

In May 2005, plaintiff filed a complaint with the United States District Court for the Northern District of Alabama in which he asserted various claims against

---

[7]/ *See Ishler v. Comm'r*, 442 F. Supp. 2d 1189 (N.D. Ala. 2006) (dismissing Mr. Ishler's monetary claims against the IRS Commissioner, an IRS revenue agent, and Nissei, as well as Mr. Ishler's claim for a declaratory judgment that he was entitled to a tax credit for amounts withheld by Nissei from sales commissions), *aff'd*, 237 F. App'x 394 (11th Cir. 2007); *Ishler v. Comm'r*, T.C.M. (RIA) 2002-79, 2002 WL 467216 (2002) (upholding tax deficiencies assessed against Mr. Ishler and his wholly-owned corporation, as well as fraud penalties assessed against Mr. Ishler, for underreporting of commissions income in 1987 and 1988), *aff'd mem.*, 88 F. App'x 385 (11th Cir. 2003); *see also Camaro Trading Co. v. Nissei Sangyo Am., Ltd.*, 628 So. 2d 463, 466 (Ala. 1993) (holding that a sales representative agreement between Nissei and Camaro Trading Company (Camaro), and signed by Mr. Ishler on Camaro's behalf, was void and unenforceable).

the IRS Commissioner, an IRS revenue agent, and Nissei arising out of plaintiff's ongoing dispute with the IRS concerning his tax liability with respect to commissions paid by Nissei. Among plaintiff's claims in that lawsuit were an informal claim for refund of taxes allegedly withheld by Nissei, and a claim for a declaratory judgment that Mr. Ishler was entitled to a tax credit for amounts withheld by Nissei. In dismissing all of Mr. Ishler's claims, the district court held, *inter alia*, that the United States had not waived sovereign immunity with respect to Mr. Ishler's informal refund claim because Mr. Ishler had not first paid the full amount of the contested tax assessment. *See Ishler v. Comm'r*, 442 F. Supp. 2d 1189, 1207-08 (N.D. Ala. 2006) (citing 28 U.S.C. § 1346(a)(1), and *Flora v. United States*, 362 U.S. 145, 175-77 (1960)). Additionally, with respect to Mr. Ishler's claim for a declaratory judgment that he was entitled to a credit for amounts withheld by Nissei, the district court held that the aforementioned decisions of the Tax Court and the Eleventh Circuit precluded plaintiff from re-litigating the issue of whether he was entitled to such a credit. *See id.* at 1215. The district court's decision was affirmed, albeit on other grounds, by the Eleventh Circuit. *See Ishler v. Comm'r*, 237 F. App'x 394 (11th Cir. 2007).

Having failed to secure any relief before the Tax Court, the district court, the Eleventh Circuit, or the Supreme Court, plaintiff filed suit in this court on July 12, 2013 seeking a refund of taxes allegedly withheld by Nissei from sales commissions reputedly owed to Mr. Ishler and/or his various entities. The complaint did not disclose any of Mr. Ishler's previous lawsuits arising from his dealings with Nissei.

The government moved to dismiss plaintiff's complaint on October 1, 2013. In its motion, defendant argues, first, that this court lacks jurisdiction to consider Mr. Ishler's claims for refund with respect to any taxable year identified in his complaint with the possible exception of 1989. *See* Def.'s Reply at 3-8. Second, the government asserts that plaintiff fails to state a claim for relief with respect to any taxable period over which this court may possess jurisdiction. *See* Def.'s Mot. at 4-17; Def.'s Reply at 8-11. Defendant therefore requests that plaintiff's complaint be dismissed with prejudice under RCFC 12(b)(6) as to tax year 1989, and without prejudice under RCFC 12(b)(1) as to all other tax years.

Mr. Ishler responds to the government's motion to dismiss with numerous assertions, very few of which are relevant to the court's analysis and none of which

4

have any merit.  Upon consideration of plaintiff's arguments, the court must conclude that it lacks jurisdiction over each of his claims.

## DISCUSSION

### I.     Standard of Review under RCFC 12(b)(1)

The relevant issue presented by a motion to dismiss under RCFC 12(b)(1) "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff.  *Scheuer*, 416 U.S. at 236; *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted).

Where the court's jurisdiction is challenged, the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence and by presenting competent proof.  *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Reynolds*, 846 F.2d at 748 (citations omitted).  If the plaintiff fails to meet his burden, and jurisdiction is therefore found to be lacking, the court must dismiss the action.  RCFC 12(h)(3).

In considering a motion to dismiss for lack of subject matter jurisdiction which challenges the truth of jurisdictional facts alleged in the complaint, the court may make findings of fact pertinent to its jurisdiction.  *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citing *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999), and *Reynolds*, 846 F.2d at 747); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) ("In determining whether a motion to dismiss should be granted, the Claims Court may find it necessary to inquire into jurisdictional facts that are disputed.").  In making findings of fact pertinent to its jurisdiction, the court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including declarations or affidavits.  *Rocovich*, 933 F.2d at 994 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947), and *Reynolds*, 846 F.2d at 747).

## II.     Jurisdictional Framework

The United States Court of Federal Claims has jurisdiction, concurrent with the United States district courts, over suits for refund of taxes alleged to have been erroneously or unlawfully assessed or collected.  *See* 28 U.S.C. § 1346(a)(1) (2012); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); *Roberts v. United States*, 242 F.3d 1065, 1067 (Fed. Cir. 2001).  This court's jurisdiction over such suits is derived from the Tucker Act, 28 U.S.C. § 1491 (2012).  The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages" but "merely confers jurisdiction . . . whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted).  A plaintiff coming before this court, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States.  *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (citing *Testan*, 424 U.S. at 398).

Section 7422 of the Internal Revenue Code (IRC or Code), 26 U.S.C. § 7422 (2012), provides the substantive basis for a tax refund suit in this court because it "grants taxpayers the right to sue the United States for 'recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.'"[8] *Foreman v. United States*, 60 F.3d 1559, 1562 (Fed. Cir. 1995) (quoting IRC § 7422); *see also Clintwood Elkhorn*, 553 U.S. at 4.  Before filing a refund suit in this court, however, a taxpayer must satisfy certain jurisdictional prerequisites.  *See Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012) (stating that the United States' sovereign immunity is "construed narrowly" in the context of tax refund suits and "is limited by the Internal Revenue Code, including [IRC] § 7422" (citing *Clintwood Elkhorn*, 553 U.S. at 8-9)); *Roberts*, 242 F.3d at 1067.

First, a plaintiff must pay his tax liability in full.  *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing *Flora*, 362 U.S. at 150, *Tonasket v. United States*, 218 Ct. Cl. 709, 711-712 (1978), and *Katz v. United States*, 22 Cl. Ct. 714, 714-15 (1991)); *accord Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citations omitted).  This "full payment rule" was first announced by the

---

[8]/   All references in this opinion to the Internal Revenue Code point to the current 2012 version of Title 26 of the United States Code.

Supreme Court in *Flora v. United States*, 362 U.S. 145 (1960), and has been consistently applied by the United States Court of Appeals for the Federal Circuit, as well as this court, to dismiss refund suits for lack of subject matter jurisdiction where the taxpayer failed to pay the full amount of taxes assessed for the taxable year at issue. *See, e.g.*, *Ledford*, 297 F.3d at 1382; *Rocovich*, 933 F.2d at 994-95; *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013); *Smith v. United States*, 101 Fed. Cl. 474, 480-81 (2011), *aff'd*, 495 F. App'x 44 (Fed. Cir. 2012).

Second, a plaintiff must file a timely administrative refund claim with the IRS. *See* IRC §§ 6511(a), 7422(a). IRC § 7422(a) provides that a taxpayer must have "duly filed" an administrative claim for refund with the IRS before maintaining a suit for refund:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

IRC § 6511(a) provides a statute of limitations with respect to such claims. Under that section, a taxpayer seeking a refund must file a claim with the IRS within three years of filing a return or within two years of paying the tax, whichever is later:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax

imposed by this title which is required to be paid by
means of a stamp shall be filed by the taxpayer within 3
years from the time the tax was paid.

Together, § 7422(a) and § 6511(a) dictate that before a plaintiff may pursue
a tax refund suit, he must file an administrative refund claim within the window of
time prescribed by § 6511(a). *Clintwood Elkhorn*, 553 U.S. at 5 ("Read together,
the import of these sections is clear:  unless a claim for refund of a tax has been
filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be
maintained in any court.") (citation and internal quotation marks omitted).
Satisfaction of these requirements is a jurisdictional prerequisite to suit in the
Court of Federal Claims. *E.g.*, *Sun Chem. Corp. v. United States*, 698 F.2d 1203,
1206 (Fed. Cir. 1983) ("It is a well-established rule that a timely, sufficient claim
for refund is a jurisdictional prerequisite to a refund suit.") (citations omitted); *see
also* Treas. Reg. § 301.6402-2(a) (2013).

Third, a plaintiff must satisfy the requirements of IRC § 6532, which
provides, *inter alia*, that "[n]o suit or proceeding under [IRC §] 7422(a) for the
recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after
the expiration of 2 years from the date of mailing by certified mail or registered
mail by the Secretary to the taxpayer of a notice of the disallowance of the part of
the claim to which the suit or proceeding relates."  IRC § 6532(a)(1).

Finally, even if a taxpayer has fulfilled all jurisdictional prerequisites to
filing a refund suit in this court, IRC § 6512(a) provides an additional limitation on
this court's jurisdiction.  That provision bars a taxpayer from pursuing a suit for
refund of income, gift, estate, and certain excise taxes if the taxpayer has
previously filed a Tax Court petition contesting a deficiency "in respect of" the
same taxable year.  IRC § 6512(a).  When a taxpayer is assessed with a deficiency,
he may challenge that assessment in one of two ways.  The first is to pay the tax,
request a refund from the IRS, and then file a refund suit in the Court of Federal
Claims or in a district court.  *See* 28 U.S.C. §§ 1346(a)(1), 1491(a)(1).
Alternatively, to avoid having to pay the assessment in question before pursuing a
claim, the taxpayer may file a petition with the Tax Court.  *See Flora*, 362 U.S. at
163 (describing Congress's creation of "a system in which there is one tribunal for
prepayment litigation and another for post-payment litigation").  With certain
exceptions, if a taxpayer chooses the latter path, and files a petition with the Tax

Court, he cannot later maintain suit in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year.[9] IRC § 6512(a); *see Smith v. United States*, 495 F. App'x 44, 48 (Fed. Cir. 2012) (holding that "the Court of Federal Claims correctly found that [IRC] § 6512(a) precluded it from exercising jurisdiction because [the taxpayer] had previously filed Tax Court petitions seeking redetermination of the same liabilities" (citing *Solitron Devices v. United States*, 862 F.2d 846, 848 (11th Cir. 1989))); *cf. Sun Chem. Corp. v. United States*, No. 341-73, 1982 WL 11259, at *3 (Ct. Cl. May 24, 1982) ("[D]espite its limited jurisdiction, the Tax Court's final determination is still conclusive in any other suit." (citing IRC § 6512(a)), *aff'd*, 698 F.2d 1203 (Fed. Cir. 1983).

## III.   Analysis

As set forth below, the court concludes that Mr. Ishler's claims are not properly before the court.  The most fundamental jurisdictional defect is plaintiff's failure to demonstrate that he filed timely refund claims with the IRS for any of the tax years identified in his complaint.  In addition, the court lacks jurisdiction over plaintiff's claim for refund as to tax year 1988 because Mr. Ishler did not pay the full amount of taxes assessed for that year.  Finally, plaintiff's claims for refund as

---

[9]/ IRC § 6512(a) makes exceptions for suits seeking the recovery of the following six items:

> (1) [O]verpayments determined by a decision of the Tax Court which has become final[;]
> (2) [A]ny amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final[;]
> (3) [A]ny amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; . . .
> (4) [O]verpayments attributable to partnership items, in accordance with subchapter C of chapter 63[;]
> (5) [A]ny amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a)[; and]
> (6) [O]verpayments the Secretary is authorized to refund or credit pending appeal . . . .

to tax years 1987 and 1988 are not properly before the court because Mr. Ishler has already filed a Tax Court petition with respect to those years.[10]

### A.    No Jurisdiction over Plaintiff's Claim for Refund for Tax Years 1986 through 1991 Because Plaintiff Has Failed to Demonstrate That He Filed Timely Refund Claims with the IRS

Defendant argues that jurisdiction is lacking as to all but one portion of plaintiff's complaint – *i.e.*, his claim for refund as to tax year 1989 – because plaintiff "has shown that he 'adequately apprise[d] the [IRS] that a refund [was] sought' only for one 'certain year' – 1989."[11]   *See* Def.'s Reply at 8 (quoting *Am. Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963) (*American Radiator*)).

Since it is plaintiff's burden to prove jurisdictional matters by a preponderance of the evidence, he must demonstrate by that same standard that he filed a timely refund claim with the IRS with respect to each of the tax years identified in the complaint.  *See Alder Terrace*, 161 F.3d at 1377 (stating that "the

---

[10]/  Because the court concludes that it lacks jurisdiction over all of plaintiff's claims, it does not reach defendant's arguments based upon the doctrine of res judicata.  *See* Def.'s Mot. at 4 n.2; Def.'s Reply at 4 & n.1, 15.

[11]/  In a footnote in its opening brief, the government noted that certain documentation attached to the complaint "suggests that [Mr.] Ishler filed a timely refund claim only for his 1989 taxable year."  Def.'s Mot. at 9 n.5 (citing Compl. Ex. A at 2).  In its reply brief, the government argued that additional documents submitted by plaintiff as exhibits to his opposition brief "confirm[]" that jurisdiction is lacking as to all relevant taxable years except for 1989.  *See* Def.'s Reply at 5.  The court notes, however, that even if the government has taken the position that the IRS concedes the existence of jurisdiction in this case with respect to a portion of plaintiff's claims, any such concession cannot confer subject matter jurisdiction upon the court inasmuch as jurisdiction derives solely from statutory grants of authority by Congress and not from agency stipulation or agreement between the parties.  *See Ins. Corp. of Ir. v. Compagnie de Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (noting that jurisdiction of federal courts is "limited to those subjects encompassed within a statutory grant of jurisdiction," and therefore "no action of the parties can confer subject-matter jurisdiction upon a federal court"); *Cheesecake Factory, Inc. v. United States*, 111 Fed. Cl. 686, 695 (2013) (stating that "the IRS cannot confer jurisdiction upon this court by mentioning in a notice of partial disallowance that the Court of Federal Claims is a proper forum for a tax refund suit") (citations omitted).

burden of establishing jurisdiction, including jurisdictional timeliness, must be carried by the [plaintiff]" (citing *McNutt*, 298 U.S. at 189)).  The court agrees with the government that Mr. Ishler has failed to meet his burden to establish jurisdictional timeliness with respect to tax years 1986, 1987, 1988, and 1990.  In addition, the court concludes that Mr. Ishler has also failed to meet that burden with respect to tax years 1989 and 1991.

As an initial matter, as correctly noted by the government, plaintiff has not presented *any* evidence that he requested a refund for tax years 1986 or 1990.  *See* Def.'s Reply at 7.  Nor has plaintiff presented any evidence as to tax year 1991.  Therefore, Mr. Ishler has failed to establish jurisdiction as to those tax years.

Moreover, defendant has submitted official IRS records which contradict plaintiff's assertion that he filed a "timely claim for refund . . . [as to his] 1986 to 1990 taxable years."  Compl. ¶ 2(e).  Specifically, the government attached as exhibits to its reply brief certified copies of IRS Form 4340 ("Certificate of Assessments, Payments, and Other Specified Matters") for Mr. Ishler's 1987, 1988, and 1989 taxable years, along with signed Certificates of Official Record bearing the seal of the Department of the Treasury.  *See* Def.'s Reply Exs. 5-7.  In addition, defendant submitted copies of Mr. Ishler's amended tax returns for those years.  *See id.* Exs. 1-3.  These official IRS records, which are "presumed to be true, accurate, and correct," *Harris v. United States*, 44 Fed. Cl. 678, 682 (1999) (citing *Sun Oil Co. v. United States*, 572 F.2d 786, 805 (Ct. Cl. 1978)), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (table), indicate that Mr. Ishler never filed any timely administrative refund claim with respect to tax years 1987, 1988, and 1989.

The Forms 4340 for plaintiff's 1987, 1988, and 1989 tax years reflect that Mr. Ishler filed income tax returns for those years on October 17, 1988, August 15, 1989, and October 17, 1990, respectively.  *See* Def.'s Reply Ex. 5 at 33, Ex. 6 at 39, Ex. 7 at 48.  In addition, they reveal that Mr. Ishler last made payments for tax years 1987 and 1988 on December 6, 1988 and November 6, 1989, respectively, and made no payments for tax year 1989 after filing his return.  *See id.* Ex. 5 at 33, Ex. 6 at 39, Ex. 7 at 48-51.  None of these documents mention any formal claim for refund; they do, however, show that Mr. Ishler filed amended returns for tax years

1987, 1988, and 1989 on March 12, 2011.[12]   *See id.* Ex. 5 at 36, Ex. 6 at 44, Ex. 7 at 50.  Mr. Ishler's amended returns for 1987 and 1988 did not request any refund for those years.  *See id.* Ex. 1 at 26, Ex. 2 at 28.  Instead, they refer to Mr. Ishler's amended return for 1989, in which he demanded a refund in the amount of $400,000.  *See id.* Ex. 1 at 26, Ex. 2 at 28, Ex. 3 at 30.

The Forms 4340 and amended returns for plaintiff's 1987 and 1988 tax years therefore reflect that Mr. Ishler never filed refund claims as to those years. Furthermore, although Mr. Ishler's amended return for tax year 1989 contained a request for refund in the amount of $400,000, that request was untimely under IRC §§ 6511(a) and 7422(a) because it was made more than twenty years after Mr. Ishler filed his original return.

Plaintiff points to two documents as support for his argument that he filed timely refund claims.  *See* Compl. ¶ 2(e) & Ex. A.  The first document is a March 29, 2012 memorandum prepared by IRS Appeals Officer Eric Evans describing a March 28, 2012 "conference" between Mr. Ishler, Mr. Evans, and two additional IRS appeals officers regarding $400,000 "withheld" by Nissei on an unspecified date.  *Id.* Ex. A at 1.  Although the memorandum does not indicate the pertinent taxable year, it states that Mr. Evans "conceded" during the conference that Mr. Ishler "has an open informal claim due to the documented discussions with IRS officials within the claim statute period."  *Id.*  Plaintiff relies upon this statement to assert that the IRS "conceded" that Mr. Ishler filed a timely informal refund claim. *See* Compl. ¶ 2(e).

The Federal Circuit and its predecessor, the Court of Claims, have long held that a timely refund claim with technical defects is nevertheless effective in certain circumstances.  *See, e.g.*, *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006); *Arch Eng'g Co. v. United States*, 783 F.2d 190, 192 (Fed. Cir. 1986) (*Arch Engineering*) (citing *American Radiator*, 318 F.2d at 920).

---

[12]/  The Form 4340 for Mr. Ishler's 1987 taxable year also indicates that plaintiff filed an earlier amended return on June 26, 1989.  *See* Def.'s Reply Ex. 5 at 33.  Neither party has submitted a copy of the June 26, 1989 amended return.  However, even if that amended return had contained a valid request for refund, plaintiff's suit as to tax year 1987 would still be barred by the two-year statute of limitations in IRC § 6532(a) because plaintiff did not file his complaint until July 12, 2013.

Although the application of this "informal claim doctrine" is necessarily case specific, there are two "rigid guidelines" for such claims:  (1) they must have some written component; and (2) they must "adequately apprise the [IRS] that a refund is sought and for certain years."  *Arch Engineering*, 783 F.2d at 192 (citation and internal quotation marks omitted); *see also Computervision*, 445 F.3d at 1364; *American Radiator*, 318 F.2d at 920; *Newton v. United States*, 143 Ct. Cl. 293, 300-01 (1958) (finding informal refund claim based on written protests prior to payment); *Night Hawk Leasing Co. v. United States*, 84 Ct. Cl. 596, 603-04 (1937) (concluding that the taxpayer made an informal refund claim by writing an objection on the back of a check submitted as payment of the tax).

Contrary to the assertions in plaintiff's complaint, Mr. Evans' March 29, 2012 memorandum does not satisfy either of the requirements for informal claims. First, although the memorandum states that Mr. Evans verbally "conceded" that Mr. Ishler "has an open informal claim due to the documented discussions with IRS officials," Compl. Ex. A at 1, it does not reference any written component of that alleged claim.  *See, e.g.*, *Disabled Am. Veterans v. United States*, 650 F.2d 1178, 1179-80 (Ct. Cl. 1981) (holding that oral assertions by the taxpayer during an audit were insufficient as a matter of law to constitute an informal refund claim) (citations omitted).  Second, the memorandum does not contain any description of Mr. Ishler's "discussions with IRS officials," nor does it even mention the purpose of the "open informal claim" or the tax year to which the alleged claim related. Indeed, the memorandum is entirely silent as to the nature of Mr. Ishler's "open informal claim."  Accordingly, the memorandum does not satisfy plaintiff's burden to demonstrate by a preponderance of the evidence that he adequately apprised the IRS that a refund was sought for certain taxable years.

The second document upon which plaintiff relies is an August 22, 2012 letter from Mr. Evans to Mr. Ishler.  In that letter, Mr. Evans stated that he had completed his review of Mr. Ishler's "claim for abatement and/or refund of taxes" in the amount of $400,000 for "Tax period(s) Ended:  12/1989," but concluded that "[b]ased on the information submitted, there is no basis to allow any part of your claim."  Compl. Ex. A at 2.  Mr. Evans' August 22, 2012 letter cannot be read to mean that the referenced "claim for abatement and/or refund of taxes" was anything other than Mr. Ishler's amended return filed March 12, 2011 – more than twenty years after Mr. Ishler filed his original return for taxable year 1989.  In his letter, Mr. Evans indicated that Mr. Ishler had submitted the referenced claim on

13

IRS Form 1040 – *i.e.*, Mr. Ishler's 1989 income tax return – and that the IRS had mailed a "letter denying [that] claim" on August 19, 2011. *See id.* Therefore, Mr. Evans' letter cannot establish jurisdiction over any of plaintiff's claims because any suit with respect to the referenced "claim for abatement and/or refund of taxes" is necessarily barred by the filing deadline set forth in IRC §§ 6511(a) and 7422(a).[13]

Accordingly, the court concludes that plaintiff has failed to present sufficient evidence to establish the jurisdictional prerequisites set forth in IRC §§ 6511(a), 6532(a), and 7422(a) with respect to any of the tax years identified in his complaint.

**B.   No Jurisdiction over Plaintiff's Claim for Refund for Tax Year 1988 Because Plaintiff Has Not Paid the Full Amount of Taxes Assessed**

Defendant also argues that official IRS records indicate that Mr. Ishler has an outstanding principal balance of $2,002,843.85 for tax year 1988, and therefore the government has established a second basis to preclude jurisdiction over plaintiff's claim for refund as to that year. *See* Def.'s Mot. at 4 (citing *Shore*, 9 F.3d at 1525-26). In support of its argument, the government has submitted an IRS "transcript of account" pertaining to plaintiff's 1988 taxable year. *See* Def.'s Mot. Ex. 3. That document indicates that, as of September 23, 2013, Mr. Ishler owed $2,002,843.85 in taxes for 1988, plus $186,087.51 in accrued interest and $100,308.07 in accrued penalties. *See id.* at 1. In addition, as previously noted, defendant has submitted an IRS Form 4340 for Mr. Ishler's 1988 taxable year, along with a signed Certificate of Official Record bearing the seal of the Department of the Treasury. *See* Def.'s Reply Ex. 6. That document reflects an unpaid principal balance of $2,002,843.85 as of September 30, 2013. *See id.* at 46.

---

[13]/ The court also notes that plaintiff attached to his opposition brief a March 28, 1990 memorandum describing an interview between Mr. Ishler, his former attorney John R. Wynn, his accountant Sidney R. White, and two IRS revenue agents. *See* Pl.'s Resp. Ex. 8. The memorandum indicates that, during the interview, Mr. Wynn "asked that [Mr.] Ishler be given credit for the $400,000 [Nissei] withheld from Camaro's commissions." *Id.* at 50. The request for "credit" referenced in the March 28, 1990 memorandum was oral, and therefore does not satisfy the first requirement for an informal refund claim. *See supra*. Accordingly, the March 28, 1990 memorandum cannot establish the existence of a timely refund claim.

Ignoring this evidence, plaintiff asserts that "[t]here is no proof that [Mr.] Ishler currently owes any 1988 tax." Pl.'s Resp. at 8. In making this argument, plaintiff incorrectly suggests that the government relies upon Mr. Ishler's *Tax Court petition* to demonstrate Mr. Ishler's unpaid balance for tax year 1988, and argues that the petition "does not establish that [Mr.] Ishler owes any amount of taxes for 1988 as of the date of the Government's filing of the Motion to Dismiss." *Id.*; *see also id.* at 5 (suggesting that the government "presents no proof either by reference to Plaintiff's Original Complaint or extraneous materials that such alleged tax liability [for 1988] is still valid after all these years").

Plaintiff's assertions in this regard are meritless. A taxpayer may rebut the presumptive accuracy of official IRS records only by presenting "reliable evidence to the contrary." *Davis v. United States*, 43 Fed. Cl. 92, 94 (1999) (citing *H.S. & H. Ltd. of Columbia, Ill. v. United States*, 18 Cl. Ct. 241, 246 (1989)), *aff'd*, 230 F.3d 1383 (Fed. Cir. 2000) (table). Here, plaintiff has failed to offer *any* evidence to rebut official IRS records showing that he never paid the full amount of tax assessed for tax year 1988. He therefore has failed to establish this court's jurisdiction over his refund claim as to tax year 1988. *See Ledford*, 297 F.3d at 1382.

**C.    No Jurisdiction over Plaintiff's Claim for Refund of Income Taxes for Tax Years 1987 and 1988 Because Plaintiff Previously Contested Deficiencies for Those Years before the Tax Court**

Defendant's final jurisdictional argument is that Mr. Ishler's Tax Court petition precludes jurisdiction over the portion of plaintiff's complaint pertaining to taxable years 1987 and 1988. *See* Def.'s Mot. at 3-4; Def.'s Reply at 3-4. That petition, which was filed on August 9, 1999, challenged a notice of deficiency with respect to Mr. Ishler's income taxes for 1987 and 1988 which was issued by the IRS on May 12, 1999. *See* Def.'s Mot. Ex. 2 at 1; *see also Ishler*, 2002 WL 467216, at *8. Based upon the filing of that petition, the government contends that this court lacks jurisdiction to consider plaintiff's refund suit as to taxable years 1987 and 1988. *See* IRC § 6512(a); Def.'s Mot. at 3-4; Def.'s Reply at 3-4.

In response, plaintiff suggests that while IRC § 6512(a) may present a jurisdictional bar as to issues that were actually decided by the Tax Court, it does

15

not apply in this instance because "[a]ny issues concerning [Mr.] Ishler's entitlement to a refund for [Nissei's] backup withholding in the amount of $400,000.00 or more . . . [were] not dealt with by the Tax Court in its Decision." Pl.'s Resp. at 4; *see also id.* at 7 (stating that Mr. Ishler "has no problem with the Government's claim that any issues actually decided by the Tax Court . . . are barred from reconsideration" but "the Tax Court refused to address, and did not rule on, any of [Mr.] Ishler's claims for a refund or any credit for [Nissei's] backup withholding"). Plaintiff's argument is without merit.

IRC § 6512(a) states that when a taxpayer contests a notice of deficiency in the Tax Court, the taxpayer may not seek recovery in any other court "in respect of" the same taxable year. Here, the IRS issued a notice of deficiency to Mr. Ishler with respect to his 1987 and 1988 taxable years, and Mr. Ishler timely disputed that notice before the Tax Court. *See* Def.'s Mot. Ex. 2 at 1; *see also Ishler*, 2002 WL 467216, at *8. Because plaintiff's complaint before this court demands a refund of income taxes for 1987 and 1988, the same tax years at issue in the notice of deficiency that Mr. Ishler challenged before the Tax Court, IRC § 6512(a) bars jurisdiction over that portion of the complaint. While there are six exceptions to the jurisdictional bar of IRC § 6512(a), plaintiff has not alleged facts suggesting that any of those exceptions apply in this instance.

Contrary to plaintiff's argument, the application of IRC § 6512(a) does not turn on whether the taxpayer's refund suit raises the same issues as were raised before the Tax Court or whether the Tax Court actually ruled on those matters. Instead, it turns solely upon whether the refund suit is for the "same taxable year . . . in respect of which the Secretary . . . determined the deficiency" challenged before the Tax Court. IRC § 6512(a); *see Erickson v. United States*, 309 F.2d 760, 767 (Ct. Cl. 1962) (noting that once the Tax Court's jurisdiction attaches, jurisdiction "extends to the entire subject of the correct tax for the particular year") (citations omitted); *Cheesecake Factory*, 111 Fed. Cl. at 695 (concluding that "[i]t is immaterial" whether the penalties and interest challenged in the taxpayer's refund suit were also challenged before the Tax Court because "the bar in [IRC] § 6512(a) applies as long as 'the Secretary has mailed to the taxpayer a notice of deficiency' and 'the taxpayer [has properly] file[d] a petition with the Tax Court . . . for the same taxable year'" (quoting IRC § 6512(a))); *Solitron Devices, Inc. v. United States*, 16 Cl. Ct. 561, 567 (1989) (concluding that IRC § 6512(a) applies even if "circumstances prevented the taxpayer from raising an issue during the

earlier Tax Court proceeding" because the Tax Court decision "'bars further litigation not only on those [issues] . . . which were actually raised but also on the issues which could have been raised'" (quoting *Erickson*, 309 F.2d at 768)). Having already challenged a notice of deficiency with respect to his income taxes for 1987 and 1988 before the Tax Court, plaintiff is barred by IRC § 6512(a) from pursuing a claim in this court for refund of income taxes as to tax years 1987 and 1988.[14]

## D.    No Leave to Amend

In his opposition brief, plaintiff makes what could be construed as an implicit request for leave to file an amended complaint.  Pl.'s Resp. at 15 ("[Mr.] Ishler stands willing to amend his Complaint . . . ."); *see Normandy Apartments, Ltd. v. United States*, 100 Fed. Cl. 247, 259 (2011) (deeming plaintiff's "statements on brief as the equivalent of a motion to amend the subject complaint to raise a takings claim") (citations omitted).  Because the time has passed within which plaintiff would be entitled to amend his complaint as a matter of course under RCFC 15(a)(1), he may amend the complaint only with the government's written consent or the court's leave.  *See* RCFC 15(a)(2).

Leave to amend a pleading "shall be freely given when justice so requires." *Id.*  Notwithstanding this liberal standard, leave to amend should not be granted when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leider v. United States*, 301 F.3d 1290, 1299 n.10 (Fed. Cir. 2002); *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989) (citing *Foman*, 371 U.S. at 182).  Because plaintiff has been afforded an opportunity to demonstrate this court's jurisdiction, and fails to explain how amendment would cure any of the jurisdictional defects in his complaint, the court concludes that amendment would be futile and would not serve the interests of justice.  Plaintiff's implicit request for leave to file an amended complaint is therefore denied.

---

[14]/  Although plaintiff's claim for refund of FICA and FUTA taxes for tax years 1987 and 1988 is not barred by IRC § 6512(a) insofar as IRC § 6512(a) applies only to income, gift, estate, and certain excise taxes, plaintiff's FICA and FUTA claims are nevertheless barred for the reasons discussed *supra* in Part III.A-B.

**CONCLUSION**

The court has considered all of plaintiff's remaining arguments and finds them to be without merit.  Because the court lacks jurisdiction to consider any of plaintiff's claims, his complaint must be dismissed under RCFC 12(b)(1).

Accordingly, it is hereby **ORDERED** that

(1)    Defendant's Motion to Dismiss, filed October 1, 2013, is **GRANTED**;

(2)    The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint **without prejudice**; and

(3)    Each party shall bear its own costs.

/s/Lynn J. Bush
LYNN J. BUSH
Senior Judge